

# Service of Process Transmittal
05/28/2013
CT Log Number 522799905

**TO:** Melita Hobby, Administrative Assistant
SavaSeniorCare, LLC
One Ravinia Drive, Suite 1500
Atlanta, GA 30346

**RE:** **Process Served in Nebraska**

**FOR:** SSC West Point Operating Company LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gale Woerman, Special Administrator of the etate of Ralph Woerman, Deceased, Pltf. vs. SSC West Point Operating Company, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | District Court of Cuming County, NE<br>Case # CI1349 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Plaintiff suffered damages due to wrongful death of Ralph Woerman on August 2, 2012 due to negligence of defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lincoln, NE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/28/2013 postmarked on 05/24/2013 |
| **JURISDICTION SERVED:** | Nebraska |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service of the complaint/petition |
| **ATTORNEY(S) / SENDER(S):** | Shayla M. Reed<br>Reed Law Offices, PC, LLO<br>11414 West Center Road<br>Ste. 136<br>Omaha, NE 68144<br>402-933-0588 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/28/2013, Expected Purge Date: 06/02/2013<br>Image SOP<br>Email Notification, Melita Hobby mlhobby@savasc.com<br>Email Notification, Wynn Sims wgsims@SavaSC.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 6003 Old Cheney Road<br>Suite 300<br>Lincoln, NE 68516 |
| **TELEPHONE:** | 800-592-9023 |



Page 1 of 1 / BS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | | |
|---|---|---|
| Image ID: D00006087D24 | **SUMMONS** | Doc. No. 6087 |

IN THE DISTRICT COURT OF Cuming COUNTY, NEBRASKA
200 So Lincoln  Rm 200
West Point          NE 68788 1848

Gale Woerman Special Administrator v. SSC West Point Operating Company

Case ID: CI 13      49

TO:   SSC West Point Operating Compan

You have been sued by the following plaintiff(s):

    Gale Woerman Special Administrator

Plaintiff's Attorney:  Shayla M Reed
Address:               11414 West Center Road, Suite 136
                       Omaha, NE 68144

Telephone:             (402) 933-0588

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: MAY 20, 2013          BY THE COURT: *Hrena Reaper*
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    SSC West Point Operating Compan
    CT Corporation System
    6003 Old Cheney Road, Ste. 300
    Lincoln, NE 68516

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

MERNA RECKER
CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF CUMMING COUNTY, NEBRASKA

2013 MAY 17  AM 11 34

| | |
|---|---|
| GALE WOERMAN, SPECIAL ADMINISTRATOR OF THE ESTATE OF RALPH WOERMAN, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>SSC WEST POINT OPERATING COMPANY, LLC d/b/a WEST POINT LIVING CENTER, A Skilled Nursing Facility, SAVA SENIORCARE LLC d/b/a WEST POINT LIVING CENTER, and JOHN DOES 1-10,<br><br>Defendants. | CASE ID: CI 13-49<br>FILED<br>CUMING COUNTY, NE<br><br>COMPLAINT<br><br>COPY |

COMES NOW Gale Woerman, Special Administrator for the Estate of Ralph Woerman, hereinafter referred to as the "Plaintiff", and for his causes of action again the Defendants, and each of them, states and alleges as follows:

### FIRST CAUSE OF ACTION

1.     On December 19, 2012, after proceedings duly had and taken in the County Court of Cuming County, Nebraska, the Plaintiff was duly appointed by Order of that Court, Special Administrator of the Estate of Ralph Woerman, deceased, and the Plaintiff thereafter qualified, thereupon became, ever since having been and is the duly appointed, qualified and acting special Administrator of the Estate of Ralph Woerman.

2.     Ralph Woerman left surviving as his heirs at law his wife, Betty Woerman, and his sons, Gale Woerman and Brian Woerman. This action is brought by the Plaintiff, as Special Administrator, for the estate and the benefit of such heirs at law.

3.     At all relevant times herein, the Defendant, SSC West Point Operating Company, LLC, doing business as "West Point Living Center" (hereinafter referred to as "West Point" or "the facility" or "nursing home") was a corporation, incorporated under

and pursuant to the laws of the State of Delaware, maintaining its principal place of business in West Point, Cuming County, Nebraska, holding itself out to the public as a corporation furnishing skilled nursing treatment, care and attention to patients for a fee, while assuming a duty of exercising reasonable care towards its patients in the rendering of its services.

4. At all relevant times herein, the Defendant, Sava Senior Care LLC, doing business as "West Point Living Center" (hereinafter referred to as "West Point" or "the facility" or "nursing home") was a corporation, incorporated under and pursuant to the laws of the State of Delaware, maintaining its principal place of business in West Point, Cuming County, Nebraska, holding itself out to the public as a corporation furnishing skilled nursing treatment, care and attention to patients for a fee, while assuming a duty of exercising reasonable care towards its patients in the rendering of its services.

5. Defendants John Does 1-10 (whose real names are unknown) are owners, contractors, subcontractors, employees, administrators, medical directors, managers and temporary employees hired by Defendants to provide skilled nursing care services at West Point Living Center at all relevant times.

6. Plaintiff believes that some or all of the Defendants may not be properly qualified under the Nebraska Hospital-Medical Liability Act, N.R.S. Section 44-2801-Section 44-2855 and were not so qualified during the time that one or more of the Defendants provided medical treatment to Ralph Woerman.

7. Plaintiff has affirmatively waived the right to a Panel Review of his allegations against any of the Defendants registered under the Nebraska Hospital-Medical Liability Act (N.R.S. Section 44-2801, et seq) at any time pertinent hereto and have notified the Director of Insurance of the State of Nebraska of such waiver by serving a copy of this Complaint upon him or her by certified mail at the time of filing hereof.

8. Notwithstanding any filings herein by any of the Defendants for special benefits, privileges and protections of the Nebraska Hospital-Medical Liability Act, Plaintiff alleges that such Act is unconstitutional in whole or in part, because it does not

promote the health, safety, or general welfare of the public and serves no public purpose, and that these Statutes limit the amount of monetary recovery available to claimants such as the Plaintiff, without any reasonable basis or relationship to injuries and damages sustained by the Plaintiff, and serves no legitimate State interest. Plaintiff alleges such Act is unconstitutional in whole or in part, because it violates the Constitution of the United States, and the Constitution of the State of Nebraska.

9. At all relevant times, Defendants held themselves out to the public as a corporation furnishing skilled nursing treatment, care and attention to patients for a fee, while assuming a duty of exercising reasonable care towards its patients in the rendering of its services.

10. All all relevant times, Defendants employed the services of a medical director, registered and licensed practical nurses and other healthcare providers and held them out and warranted them to the public to be competent, careful and experienced in the care and treatment of elderly residents.

11. At all times hereinafter mentioned, Defendants were acting by and through their employees, authorized agents, apparent agents, and/or representatives, who were acting within the scope and course of their employment with Defendants.

12. Venue is proper in this Court, because the injuries that are the basis of this action occurred within Custer County, Nebraska.

### COMMON VENTURE / JOINT ENTERPRISE

13. Defendants were engaged in a common venture/enterprise during Ralph Woerman's residency at the nursing home.

14. Each Defendant had a shared community of interest in the object and purpose of the undertaking for which the nursing home known as West Point Living Center was being operated and/or used.

15. Each Defendant had an equal right to share in the control of the operation of the nursing home during Ralph Woerman's residency, regardless of whether such right was actually exercised.

16. Defendants controlled the operation, planning, management and quality control of the facility.

17. The authority exercised by the aforementioned Defendants over the facility included, but was not limited to, control of the marketing, human resources management, training, staffing, creation and implementation of Policy & Procedure manuals used by the nursing home facility, Federal and State Medicare and Medicaid reimbursement, quality care assessment and compliance, licensure and certification, legal services, financial tax and accounting control through fiscal policies established by the aforementioned Defendants.

18. The Defendants operated as a common venture and/or enterprise for the purpose of streamlining and furthering their similar business interests, as all entities were ultimately controlled by the same corporation.

19. At all relevant times mentioned herein, the aforementioned Defendants owned, operated and/or controlled, either directly or through the agency of each other and/or other diverse subalterns, agents, subsidiaries, servants or employees in the operation of the facility.

20. Because the aforementioned Defendants were engaged in a common venture and/or enterprise before and throughout Ralph Woerman's residency at the facility, the acts and omissions of each participant in the common venture/enterprise are imputable to all other participants.

21. The actions of the Defendants and each of their servants, agents and employees as set forth herein are imputed to each of the Defendants, jointly and severally.

## FACTS

22. Plaintiff Ralph Woerman was a resident of West Point Living Center from on or about June 3, 2011 to on or about June 21, 2011.

23. Mr. Woerman was born on February 13, 1922 and was 89 years old when he was admitted to the nursing home.

24. The Defendants were well aware of Mr. Woerman's needs and claimed understanding of the care he required when they admitted him and represented that they could adequately provide for his needs.

25. In an effort to ensure that the Plaintiff, Mr. Woerman, and other patients in similar circumstances, whose care was partially funded by the State of Nebraska and the United States government, were placed at West Point Living Center, Defendants held themselves out to the Nebraska Department of Health and Human Services (DHHS) and to the public at large as being:

   a. Skilled in the performance of nursing, rehabilitative and other medical support services;

   b. Properly staffed, supervised and equipped to meet the total needs of its nursing home patients;

   c. Able to specifically meet the total nursing home, medical and physical therapy needs of the Plaintiff, as well as other patients like him; and

   d. Licensed by the DHHS and in compliance on a continual basis with all rules, regulations and standards established for nursing homes under *Neb. Rev. Stat.* § 71-401 *et seq.*, skilled nursing homes under *Neb. Rev. Stat.* § 71-429 *et seq.* and *Neb. Rev. Stat.* §71-6001 *et seq.* and all applicable administrative regulations, including but not limited to: 175 NAC § 12.

26. At all times material, the facility was registered and licensed by the Nebraska Department of Health and Human Services as a Skilled Nursing Home Facility under *Neb. Rev. Stat.* §71-401 *et seq.* and *Neb. Rev. Stat.* §71-6001 *et seq.*

27. During his brief, eighteen day stay at the facility, Mr. Woerman suffered, from a fall, a pressure wound, malnutrition, dehydration, significant weight loss, aspiration pneumonia, septic shock and toxic metabolic encephalopathy.

28. At all relevant times, Defendants owed a duty to Mr. Woerman:

   a. to use ordinary and reasonable care in providing medical and/or nursing treatment by using that knowledge, skill and care that is generally used in similar cases and circumstances by healthcare providers and/or nursing homes engaged in a similar practice and in similar localities;

   b. to perform medical and/or nursing procedures lawfully and in accord with standard medical and/or nursing practices;

   c. to ensure that all medical and/or nursing personnel are qualified to perform the medical procedures undertaken;

   d. to ensure that all medical and/or nursing personnel are properly trained and supervised;

   e. to ensure that a sufficient number of staff was available to address the Plaintiff's many medical needs; and

   f. to require strict compliance with the Regulations of the Nebraska Department of Health and Human Services and Nebraska State Laws.

29. Defendants failed to exercise reasonable and ordinary care, skill and diligence, and departed from the generally accepted and recognized standard of care in the community in the treatment of Ralph Woerman and failed to act as reasonably prudent nursing home would have acted in similar circumstances, and were therefore negligent in performing their duties in one or more of the following particulars:

   (a) Failing to conduct adequate and appropriate assessments;

   (b) Failing to develop and amend care plans as needed;

   (c) Failing to provide a safe environment;

(d)   Failing to prevent loss of quality of life;

(e)   Failing to provide proper care to prevent infections

(f)   Failing to prevent delays of treatment;

(g)   Failing to provide care, treatment and medication in accordance with physician orders;

(h)   Failing to prevent skin breakdown;

(i)   Failing to provide pain management;

(j)   Failing to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Mr. Woerman;

(k)   Failing to maintain sufficient staffing to meet the Mr. Woerman's needs;

(l)   Failing to prevent significant weight loss;

(m)   Failing to provide proper nutrition and hydration;

(n)   Failing to timely notify the Plaintiff's physician and family of significant changes in his condition;

(o)   Failing to adequately instruct, train and supervise staff;

(p)   Failing to require strict compliance with their own standards, bylaws, rules and regulations for assessment and care of patients with significant care needs, like Mr. Woerman;

(q)   Failing to require strict compliance with the Regulations of the Nebraska Department of Health and Human Services, Nebraska State Laws and Federal Laws; and

(r) Failing to maintain Mr. Woerman's medical records in accordance with accepted professional standards and practice; and

(s) Violating Mr. Woerman's right to be free from abuse and neglect.

30. As a direct and proximate result of the joint and several negligence of Defendants and/or each of them as set forth above, Ralph Woerman sustained a number of physical injuries, including but not limited to: a pressure wound, malnutrition, dehydration, significant weight loss, aspiration pneumonia, septic shock and toxic metabolic encephalopathy. The Defendants also failed to provide Mr. Woerman with his pain medication on a timely basis.

31. These injuries caused unnecessary painful physical discomfort, mental agony, fear of death, and death.

32. Mr. Woerman passed away on August 2, 2012.

33. The joint and several negligence of the Defendants and each of them, as set forth above, was the direct and proximate cause of the wrongful death of Ralph Woerman on August 2, 2012, and the immediate surviving next of kin of Ralph Woerman have been deprived of the comfort of his society and companionship, as well as other pleasures and rights having a pecuniary value, which attend to immediate family relationships; and/or the joint and several negligence of the Defendants and each of them as set forth above constituted a substantial factor in causing the death of Ralph Woerman on August 2, 2012, and the immediate surviving next of kin of Ralph Woerman have been deprived of the comfort of his society and companionship, as well as other pleasures and rights having a pecuniary value, which attend to immediate family relationships.

WHEREFORE, Plaintiff prays for judgment on this first cause of action for the wrongful death of the decedent against Defendants and each of them jointly and severally for such damages as are reasonable, with interest thereon, together with costs

and attorney fees as permitted by Nebraska Revised Statute, Section 44-2834(2) and such other relief as may be allowed by the laws of the State of Nebraska.

## SECOND CAUSE OF ACTION

34. Paragraphs 1-33 are incorporated in this second cause of action as if fully set forth herein.

35. As a direct and proximate result of the joint and several negligence of Defendants and/or each of them as set forth above, Ralph Woerman sustained a pressure wound, fall, malnutrition, dehydration, significant weight loss, aspiration pneumonia, septic shock and toxic metabolic encephalopathy, sustained unnecessary painful physical discomfort, mental agony, and permanent disability between June 3, 2011 and the date of his death, and was placed in great apprehension and fear of death; and/or the joint and several negligence of the Defendants, and each of them as set forth above, constituted a substantial factor in causing Ralph Woerman to sustain a pressure wound, fall, malnutrition, dehydration, significant weight loss, aspiration pneumonia, septic shock and toxic metabolic encephalopathy, unnecessary painful physical discomfort, mental agony, and permanent disability between June 3, 2011 and the date of his death, and caused him to be placed in great apprehension and fear of death.

36. Ralph Woerman, during his lifetime, had a cause of action against Defendants for his injuries, pain, disability, mental anguish and fear of death, which he experienced before his death, which cause of action survives his death and inures to the benefit of his estate, in accordance with Nebraska Revised Statutes Section 25-1401, et seq, and the common law of the State of Nebraska.

WHEREFORE, Plaintiff prays for judgment on this second cause of action against Defendants and each of them jointly and severally for such damages as are reasonable, with interest thereon, together with costs and attorney fees allowed by Nebraska Revised Statute Section 44-2834(2) and such other relief as may be allowed by the laws of the State of Nebraska.

## THIRD CAUSE OF ACTION

37. Paragraphs 1-36 are incorporated in this third cause of action as if fully set forth herein.

38. As a direct and proximate result of the joint and several negligence of the Defendants and each of them as set forth above, Ralph Woerman's estate incurred fair and reasonable expenses for his funeral and burial; and/or the joint and several negligence of the Defendants and each of them, as set forth above, constituted a substantial factor in causing Decedent's estate to incur fair and reasonable expenses for his funeral and burial.

WHEREFORE, Plaintiff prays for judgment on this third cause of action against Defendants and each of them, jointly and severally for such damages as are reasonable, with interest thereon together with his costs and attorney fees as allowed by Nebraska Revised Statute Section 44-2834(2), and such other relief as may be allowed by the laws of the State of Nebraska.

GALE WOERMAN, As Special
Administrator for the Estate of
RALPH WOERMAN, Deceased,
Plaintiff,

By: *Shayla Reed*
Shayla M. Reed #21771
REED LAW OFFICES, PC, LLO
11414 West Center Road, Ste. 136
Omaha, Nebraska 68144
Tel: (402) 933-0588
Fax: (402) 934-9670
COUNSEL FOR PLAINTIFF



US POSTAGE
HASLER
015H141119864
$5.96
05/24/13
Mailed From 68102

CERTIFIED MAIL™

7011 1570 0000 2189 0563

SSC West Point Operating Company
CT Corporation System
6003 Old Cheney Road, Ste. 300
Lincoln, NE 68516

REED LAW OFFICES
Professional Corporation • Limited Liability Organization

TERRACE PLAZA
11414 WEST CENTER ROAD, SUITE 136
OMAHA, NEBRASKA 68144