IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GALE WOERMAN, Special Administrator of the Estate of Ralph Woerman, Deceased,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SSC WEST POINT OPERATING COMPANY, LLC d/b/a WEST POINT LIVING CENTER, A Skilled Nursing Facility, SAVASENIORCARE LLC d/b/a WESTPOINT LIVING CENTER, and JOHN DOES 1-10,<br><br>　　　　　　　Defendants. | CASE NO. 4:13CV3126<br><br><br><br>MEMORANDUM<br>AND ORDER |

    This matter is before the Court on the Motion to Dismiss of SavaSeniorCare, LLC (Erroneously Sued as Sava SeniorCare LLC d/b/a West Point Living Center) (Filing No. 6). Defendant SavaSeniorCare, LLC ("Sava"), seeks to be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons stated below, Sava's Motion will be granted.

## BACKGROUND

    From on or about June 3, 2011, to on or about June 21, 2011, Ralph Woerman ("Mr. Woerman") was a resident of West Point Living Center, a nursing home. He was 89 years old at the time. Acting as the special administrator of the estate of Mr. Woerman, Plaintiff initiated this action in the District Court of Cuming County, Nebraska, on May 17, 2013, alleging that during Mr. Woerman's eighteen day stay at West Point Living Center, Mr. Woerman sustained various physical injuries, and later died on August 2, 2012, as a result of the Defendants' negligence. Plaintiff alleged that:

> At all relevant times herein, [Sava], doing business as "West Point Living Center" . . . was a corporation, incorporated under and pursuant to the laws of the State of Delaware, maintaining its principal place of business in West Point, Cuming County, Nebraska, holding itself out to the public as a corporation furnishing skilled nursing treatment, care and attention to patients for a fee, while assuming a duty of exercising reasonable care towards its patients in the rendering of its services.

(Filing No. 1-1 at ¶ 4.)

On June 27, 2013, the Defendants removed the action to this Court. (Filing No. 1), noting that Plaintiff erroneously sued Sava under the name "SavaSeniorCare LLC, d/b/a West Point Living Center." On July 3, 2013, Sava filed its Motion and a supporting brief and index of evidence. Sava's evidence indicates that it is not doing business as West Point Living Center and is not authorized to do business in Nebraska; that it "does not directly own any real or personal property in Nebraska . . . and has not entered into any contracts in the State of Nebraska"; that it "has no agents, offices, or employees in Nebraska" and "does not employ the services of any medical directors, registered or licensed practical nurses or other healthcare providers in Nebraska"; that "the West Point Living Center . . . is operated by the separate legal entity, Defendant SCC West Point Operating Company LLC, d/b/a West Point Living Center"; that Sava "was not engaged in the operation of SCC West Point Operating Company LLC in any way, and did not control [its] day to day operations . . . in any way during the time that Mr. Woerman was a resident at West Point Living Center"; that Sava "is not (and at all times pertinent to this action, was not) involved in skilled nursing treatment, or in care and attention to patients for a fee in Nebraska," and "[i]n particular, . . . was not involved in the skilled nursing treatment, or in the care and attention of, the late Ralph Woerman or

2

in any of the alleged acts or omissions which Plaintiff alleges caused Mr. Woerman's death." (Aff. of Wynn G. Sims, Filing 8-1.)

Plaintiff has not responded to Sava's Motion within the time permitted by the Court's local rules. See NECivR 7.1(b)(1)(B). See also id. at 7.1(b)(1)(C) ("Failure to file an opposing brief . . . precludes the opposing party from contesting the moving party's statement of facts.")

## STANDARD

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). When jurisdiction has been challenged, however, "the plaintiff has the burden of proving facts supporting personal jurisdiction." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008). The plaintiff's showing is "tested, not by the pleading alone, but by the affidavits and exhibits presented" in support of and in opposition to the motion to dismiss for lack of personal jurisdiction. *Coen v. Coen*, 509 F.3d 900, 904-05 (8th Cir. 2007) (internal quotations omitted). When considering these evidentiary materials, the Court must view the facts in the light most favorable to the plaintiff and resolve all factual conflicts in its favor. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991).

In determining whether this Court has personal jurisdiction over a nonresident defendant, two issues are presented: (1) whether the requirements of the Nebraska long-arm statute are satisfied and (2) whether the exercise of jurisdiction over this

3

Defendant will violate the Fourteenth Amendment Due Process Clause. *Coen*, 509 F.3d at 905. Because Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536,[2] has been interpreted to extend jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause of the United States Constitution, *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77-78 (Neb. 1995), the Court need only determine whether the assertion of jurisdiction offends constitutional limits. In order to exercise personal jurisdiction over a nonresident defendant, due process requires that the defendant have "minimum contacts" with the forum state such that maintenance of a suit against that defendant does not offend "'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction." *Steinbuch*, 518 F.3d at 586 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15 (1984)). "Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant

---

[2] Neb. Rev. Stat. § 25-536 provides:

> A court may exercise personal jurisdiction over a person:
>     (1) Who acts directly or by an agent, as to a cause of action arising from the person:
>         (a) Transacting any business in this state;
>         (b) Contracting to supply services or things in this state;
>         (c) Causing tortious injury by an act or omission in this state;
>         (d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
>         (e) Having an interest in, using, or possessing real property in this state; or
>         (f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or
>     (2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

4

who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Helicopteros*, 466 U.S. at 415–16); *see also Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994) (alteration in original) (quoting *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993)) ("'[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'")  On the other hand, under the theory of specific jurisdiction, "the injury giving rise to the lawsuit [must have] occurred within or had some connection to the forum state."  *Dever*, 380 F.3d at 1073 (citing *Helicopteros*, 466 U.S. at 414; *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)).  In other words, a court will have specific jurisdiction over a cause of action "'arising from or related to a defendant's actions within the forum state.'"  *Bell Paper Box*, 22 F.3d at 819 (quoting *Sondergard*, 985 F.2d at 1392).

Under either theory, the defendant must have committed "'some act by which the defendant purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Dever*, 380 F.3d at 1073 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson*, 357 U.S. at 253).  The defendant's "purposeful availment must be sufficient to provide the defendant with fair warning that his activities might result in his being haled into court in that jurisdiction."  *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006) (citing *Porter v. Berall*, 293 F.3d 1073, 1075 (8th Cir. 2002)).  That is, the defendant's contacts with the forum state

must not be "random," "fortuitous," "attenuated," or the result of the "unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (quotations and citations omitted). Once it has been determined that the nonresident defendant purposefully established minimum contacts with the forum state, such contacts must be analyzed in light of other factors to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with "fair play and substantial justice." *Id.* at 476 (quotations and citation omitted).

Keeping the foregoing principles in mind, the Eighth Circuit instructs courts to consider the following factors to determine whether jurisdiction comports with due process: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Coen*, 509 F.3d at 905 (quotations and citation omitted).[1] The third factor–the relation of the cause of action to the contacts–refers to the distinction between specific and general jurisdiction. *Id.* In applying these factors, the central inquiry is the "'relationship among the defendant, the forum, and the litigation.'" *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983) (quoting *Shaffer v.*

---

[1] S*ee also Sybaritic, Inc. v. Interport Int'l, Inc.*, 957 F.2d 522, 524 (8th Cir. 1992) (citing *Falkirk Mining Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 373-74 (8th Cir. 1990)):

> [W]e explained that the determination of whether personal jurisdiction comports with due process may be guided by a careful consideration of the following five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. . . . This analytical framework incorporates the notions of both "minimum contacts" and "fair play and substantial justice."

*Heitner*, 433 U.S. 186, 204 (1977)). Therefore, the fourth and fifth factors are of secondary importance and not determinative. *Id.*; *see also Coen*, 509 F.3d at 905.

## DISCUSSION

Sava has challenged jurisdiction and, therefore, it was Plaintiff's burden to prove facts that support this Court's exercise of personal jurisdiction over Sava. *See Miller*, 528 F.3d at 1090. The Plaintiff has failed to do so, and Sava has pointed to evidence indicating that it was erroneously sued as doing business as West Point Living Center, that it is not authorized to business in Nebraska, and that it has no direct contacts with Nebraska. While Sava may have some indirect contacts with Nebraska, Plaintiff has failed to demonstrate how those contacts gave rise or relate to its claims. Therefore, Sava's Motion will be granted. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss of SAVASENIOR CARE, LLC (Erroneously Sued as SAVA SENIORCARE LLC d/b/a West Point Living Center) (Filing No. 6) is granted;

2. The claims asserted against Defendant SavaSeniorCare LLC are dismissed, with prejudice; and

3. The Clerk of the Court is directed to remove Defendant SavaSeniorCare LLC d/b/a West Point Living Center from the case caption.

Dated this 5th day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge