IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GALE WOERMAN, SPECIAL ADMINISTRATOR OF THE ESTATE OF RALPH WOERMAN, Deceased, | ) ) ) ) ) | Case No. 4:13-cv-3126 |
| Plaintiff, | ) ) | **AMENDED COMPLAINT** |
| v. | ) ) | |
| SSC WEST POINT OPERATING COMPANY, LLC d/b/a WEST POINT LIVING CENTER, A Skilled Nursing Facility, | ) ) ) ) ) | |
| Defendant. | ) | |

COMES NOW Gale Woerman, Special Administrator for the Estate of Ralph Woerman, hereinafter referred to as the "Plaintiff" and for his cause of action against the Defendants, and each of them, states and alleges as follows:

1. On December 19, 2012, after proceedings duly had and taken in the County Court of Cuming County, Nebraska, the Plaintiff was duly appointed by Order of that Court, Special Administrator of the Estate of Ralph Woerman, deceased, and the Plaintiff thereafter qualified, thereupon became, ever since having been and is the duly appointed, qualified and acting special Administrator of the Estate of Ralph Woerman.

2. At all relevant times herein, the Defendant, SSC West Point Operating Company, LLC, doing business as "West Point Living Center" (hereinafter referred to as "West Point" or "the facility" or "nursing home") was a corporation, incorporated under and pursuant to the laws of the State of Delaware, maintaining its principal place of business in West Point, Cuming County, Nebraska, holding itself out to the public as a corporation furnishing skilled nursing treatment, care and attention to patients for a fee, while assuming a duty of exercising reasonable care towards its patients in the rendering of its services.

## FACTS

3. Plaintiff Ralph Woerman was a resident of West Point Living Center from on or about June 3, 2011 to on or about June 21, 2011.

4. Mr. Woerman was born on February 13, 1922 and was 89 years old when he was admitted to the nursing home.

5. The Defendant was well aware of Mr. Woerman's needs and claimed understanding of the care he required when they admitted him and represented that they could adequately provide for his needs.

6. In an effort to ensure that the Plaintiff, Mr. Woerman, and other patients in similar circumstances, whose care was partially funded by the State of Nebraska and the United States government, were placed at West Point Living Center, Defendant held itself to the Nebraska Department of Health and Human Services (DHHS) and to the public at large as being:

>   a. Skilled in the performance of nursing, rehabilitative and other medical support services;
>
>   b. Properly staffed, supervised and equipped to meet the total needs of its nursing home patients;
>
>   c. Able to specifically meet the total nursing home, medical and physical therapy needs of the Plaintiff, as well as other patients like him; and
>
>   d. Licensed by the DHHS and in compliance on a continual basis with all rules, regulations and standards established for nursing homes under *Neb. Rev. Stat.* § 71-401 *et seq.,* skilled nursing homes under *Neb. Rev. Stat.* § 71-429 *et seq.* and *Neb. Rev. Stat.* §71-6001 *et seq.* and all applicable administrative regulations, including but not limited to: 175 NAC § 12.

7. At all times material, the facility was registered and licensed by the Nebraska Department of Health and Human Services as a Skilled Nursing Home Facility under *Neb. Rev. Stat.* §71-401 *et seq.* and *Neb. Rev. Stat.* §71-6001 *et seq.*

8. During his brief, eighteen day stay at the facility, Mr. Woerman suffered, from a fall, malnutrition, dehydration, and significant weight loss.

9. At all relevant times, Defendant owed a duty to Mr. Woerman:

   a. to use ordinary and reasonable care in providing medical and/or nursing treatment by using that knowledge, skill and care that is generally used in similar cases and circumstances by healthcare providers and/or nursing homes engaged in a similar practice and in similar localities;
   b. to perform medical and/or nursing procedures lawfully and in accord with standard medical and/or nursing practices;
   c. to ensure that all medical and/or nursing personnel are qualified to perform the medical procedures undertaken;
   d. to ensure that all medical and/or nursing personnel are properly trained and supervised;
   e. to ensure that a sufficient number of staff was available to address the Plaintiff's many medical needs; and
   f. to require strict compliance with the Regulations of the Nebraska Department of Health and Human Services and Nebraska State Laws.

10. Defendant failed to exercise reasonable and ordinary care, skill and diligence, and departed from the generally accepted and recognized standard of care in the community in the treatment of Ralph Woerman and failed to act as reasonably prudent nursing home would have acted in similar circumstances, and were therefore negligent in performing their duties in one or more of the following particulars:

   (a) Failing to conduct adequate and appropriate assessments;

   (b) Failing to develop and amend care plans as needed;

   (c) Failing to provide a safe environment;

   (d) Failing to prevent delays of treatment;

(e) Failing to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Mr. Woerman;

(f) Failing to maintain sufficient staffing to meet Mr. Woerman's needs;

(g) Failing to prevent significant weight loss;

(h) Failing to provide proper nutrition and hydration;

(i) Failing to timely notify the Plaintiff's physician and family of significant changes in his condition;

(j) Failing to adequately instruct, train and supervise staff;

(k) Failing to require strict compliance with their own standards, bylaws, rules and regulations for assessment and care of patients with significant care needs, like Mr. Woerman; and

(l) Failing to require strict compliance with the Regulations of the Nebraska Department of Health and Human Services, Nebraska State Laws and Federal Laws.

11. As a direct and proximate result of the joint and several negligence of Defendant and/or each of them as set forth above, Ralph Woerman sustained a number of physical injuries, including but not limited to: malnutrition, dehydration, and significant weight loss.

12. These injuries caused unnecessary painful physical discomfort and mental suffering.

13. Ralph Woerman passed away on August 2, 2012 due to causes unrelated to his care and treatment by Defendant.

14. Ralph Woerman, during his lifetime, had a cause of action against the Defendant for his injuries, pain, mental anguish which he experienced before his death,

which cause of action survives his death and inures to the benefit of his estate, in accordance with Nebraska Revised Statutes Section 25-1401, et seq, and the common law of the State of Nebraska.

      WHEREFORE, Plaintiff prays for judgment against the Defendant for general damages for past physical and mental pain and suffering and such other relief as may be allowed by the laws of the State of Nebraska.

      **GALE WOERMAN, As Special Administrator for the Estate of RALPH WOERMAN, Deceased, Plaintiff,**

By:  s/ Shayla M. Reed_____
     Bar Number: 21771
     Attorney for Plaintiff
     REED LAW OFFICES, PC, LLO
     11414 West Center Road, Ste. 136
     Omaha, Nebraska 68144
     Tel: (402) 933-0588
     Fax: (402) 934-9670
     Email: reed@reed-law-offices.com

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on January 27, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

 Dean Sitzmann
 WOLF SNOWDEN HURD
 LUERS & AHL, LLP
 Wells Fargo Center
 1248 O Street, Suite 800
 Lincoln, NE 68508
 Tel: (402) 474-1507
 Fax: (402) 474-3170
 Email: dsitzmann@wolfesnowden.com

              /s/ <u>Shayla M. Reed</u>